IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**ANDREA PARIS, Individually and**
**Representative of the ESTATE OF**
**AUDREY H. CLIFTON, Deceased,**

      Plaintiff,

vs.                                                             Civ. No. 05-439 ACT/RLP

**FORD MOTOR COMPANY and**
**TRW Vehicle Safety Systems Inc.,**

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court upon Plaintiff's Motion to Enforce Judgment filed June 13, 2007. [Doc. 81.]   Upon review of the pleadings and the relevant law, the Court finds that Plaintiff's Motion is well-taken and will be granted.

Factual and Procedural Background.

The following facts are undisputed.  This is a products liability lawsuit.  On or about May 5, 2001, Audrey Clifton ("Clifton") was a passenger in the front seat of a 1996 Mercury Marquis ("vehicle").  While traveling near Albuquerque, New Mexico, the vehicle veered off the road and rolled over.  Clifton died from the injures suffered in the single vehicle accident.

On April 18, 2005, Plaintiff sued the Defendants asserting that the seatbelt restraint and airbag systems in the vehicle were defective. [Complaint.]    The Complaint indicates that Plaintiff is represented by three counsel, Stephen F. Lawless ("Lawless") of Albuquerque, New Mexico and Newton B. Schwartz, Sr. ("Schwartz") and Barry S. Berger, of Houston Texas.  On January 25,

2007, the Defendants filed two motions to exclude the testimony of Plaintiff's experts, Anil Khadilkar ("Khadilkar") and Y. King Liu ("Liu"). [Docs. 56, 57.] Khadilkar was offered as an expert in the field of vehicle occupant restraint systems. Liu was offered as an expert in biomechanics.

On May 22, 2007, Defendants filed a Certificate of Service stating that Defendants had served a "Joint Rule 68 Offer of Judgment" to Plaintiff's counsel. [Doc. 75.] On May 25, 2007, the Court entered a Memorandum Opinion and Order granting the motions and excluding the testimony of Khadilkar and Liu. On May 29, 2007, Plaintiff filed an Acceptance of Offer of Judgment. [Doc. 77.] On that same day, Defendant Ford Motor Company and Defendant TRW, Inc., each filed a Certificate of Service of a "Notice of Withdrawal of Offer of Judgment." [Docs. 78, 79.]     <u>Legal Standard</u>.

Federal Rule of Civil Procedure 68 provides, in relevant part:

> At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party...If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment.

*Fed.R.Civ.Pro. 68.*

<u>Discussion</u>.

Defendants assert judgment should not be entered against them on two grounds: (1) the Defendants withdrew the offer of judgment prior to Plaintiff's acceptance; and (2) Plaintiff rejected Defendants' offer of judgment. Defendants' arguments are without merit.

*The Offer of Judgment is irrevocable*.

Rule 68 provides that the Plaintiff had ten days to accept the Offer of Judgment. Defendants attempted to withdraw the Offer of Judgment prior to the expiration of the ten day period. This is not permitted by Rule 68. "No court takes the position that offers of judgment should be freely

2

revocable before a plaintiff has served the offeror with a notice of acceptance."[1]  *Moore's Federal Practice 3D* § 68.04[3]; *Richardson v. National R.R. Passenger Corp.*, 49 F.3d 760, 965 (D.C. Cir. 1995)) (holding that a Rule 68 offer "is simply not revocable during the 10-day period); *Radecki v. Amoco Oil Co.*, 858 F.2d 397, 402 n. 6 (8th Cir. 1988) (noting that federal courts deem Rule 68 offers to be irrevocable.)  In determining this issue, the D.C. Circuit stated the following rationale:

> Rule 68 sets forth a rather finely tuned procedure; unlike a normal contract offer, an offer of judgment under the Rule imposes certain consequences that can be costly for the plaintiff who declines the offer.  The Rule is thus designed to put significant pressure on the plaintiff to think hard about the likely value of its claim as compared to the defendant's offer.  In return the plaintiff, as we understand the scheme, is guaranteed 10 days to ponder the matter (as though the plaintiff had paid for a ten-day option).  If the Rule were to be read as...[permitting revocation of an unaccepted offer], the pressure on the plaintiff would be greater than the Rule contemplates, because the Rule so construed would allow a defendant to engage in tactical pressuring maneuvers.

*Richardson*, 49 F.3d at 965.

Although the Defendants filed a pleading withdrawing the Offer of Judgment, Defendants do not argue that the Offer of Judgment had been withdrawn in the Response to Plaintiff's Motion to Enforce Settlement.  The Court assumes that Defendants have determined this argument has no basis in fact or law.  The Court agrees and finds that under Rule 68 Defendants' Offer of Judgment could not have been withdrawn when the Plaintiff accepted the Offer of Judgment because the ten days allowed under Rule 68 had not expired.

---

[1] Courts have found exceptions that do not apply in this lawsuit. *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236 (4th Cir. 1989) (holding that a Rule 68 offer could be revoked if it is discovered that the offeree's fraudulent behavior induced the settlement offer); *Pope v. Lil Abner's Corp*. 92 F. Supp. 2d 1327, 1328 (S.D. Fla, 2000) (agrees with *Colonial Penn* that defendant is entitled to relief if offer is induced by "actual misconduct" on the part of the plaintiff).

*Plaintiff did not reject the Offer of Judgment.*

Defendants attached the purported rejection as an exhibit to their response. It is a one-page facsimile transmittal cover sheet dated May 25, 2007 and sent to co-counsel for Plaintiff and counsel for Defendants from Schwartz. [Exh. 1, Response.] Although the letter is somewhat obtuse, the relevant part states:

> Your offer in Judgment was not acceptable to or accepted by our client or us. You were free to withdraw an unaccepted offer, always under basic contract law. Steve is in charge, but you know my practice and custom: 1. Appeal to the District Court; & if necessary, or unsuccessful, 2. With leave appeal interlocutory appeal or after any Final Judgment if not appealable or reviewable earlier. He and our client will make their determinations known timely.

[Exh. 1, Response.]

As Plaintiff asserts, courts apply general contract principles in interpreting the validity of the acceptance under Rule 68. *Radecki*, 858 F.2d 400; *Andretti v. Borla Performance Indus., Inc.*, 426, F.3d 824, 837 (6th Cir. 2005). To determine the general contract principles, courts often look to secondary sources such as the Restatement of Contacts and legal treatises. *Pope*, 92 F. Supp. 2d at 1328; *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 269, F.3d 91, 194 (2nd Cir. 2004); *Lang v. Gates*, 36 F.3d 73, 74 (9th Cir. 1994).

In the section of the *Restatement (Second) of Contracts* on rejection, it states that:

> (2) A manifestation of intention not to accept an offer is a rejection unless the offeree manifests an intention to take it under further advisement.

*Restatement (Second) of Contracts*, § 38(b) (2007).

As stated in Comment b to this Section:

> The rule of this Section is designed to give effect to the intentions of the parties, and a manifestation of intention on the part of either that the offeree's power of acceptance is to continue is effective. Thus if the offeree states that he rejects the offer for the present but will reconsider it at a future time, there is no basis for a change of position by the offeror in reliance on a rejection, and under Subsection (2) there is no rejection.

4

>    *Restatement (Second) of Contracts* at § 38, cmt. b.

Clearly, this is precisely what has occurred in this matter. There was no unequivocal rejection. Rather, Schwartz' response to the Offer of Judgment is that Steve ("Lawless") and the client "will make their determinations known timely." [Exh. 1, Response.] Plaintiff and Lawless made their "determinations known" and timely accepted the Offer of Judgment on May 29, 2007 [Doc. 77].

If Plaintiff wanted to reject Defendants' Offer of Judgment, Plaintiff could have simply rejected the offer. However, Plaintiff did not reject the offer and did not consider the offer terminated.

For the foregoing reasons, the Court finds that Plaintiff's Motion to Enforce Judgment is well-taken and will be granted.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Enforce Judgment is granted and a Judgment will be entered for the Plaintiff and against the Defendants in the amount of the Offer of Judgment and Plaintiff's Complaint will dismissed with prejudice.

**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE,**
**PRESIDING**